UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DARLENE FROEHLICH<br>    Plaintiff, | : |
| | : |
| v. | |
| | :     3:15cv00974 (JAM) |
| TOWN OF NEWTOWN; NEWTOWN<br>POLICE DEPARTMENT; MICHAEL KEHOE,<br>CHIEF OF POLICE; JOE RIOS, CAPTAIN;<br>RICHARD ROBINSON, LIEUTENANT;<br>GEORGE SINKO; LIEUTENANT;<br>CHRISTOPHER VANGHELE, LIEUTENANT<br>Defendants. | :<br><br>:<br><br>:<br><br>:<br>:     MARCH 7, 2016 |

## SECOND AMENDED COMPLAINT

1.     The plaintiff, Darlene Froehlich, is the victim of a pervasive pattern on sexual harassment by members of the Newtown Police Department. Individual members of the Department have also engaged in acts intended to deprive the plaintiff, who is female and over 40 years of age, of her right to equal treatment of the law and of her right to be free from discrimination on account of age, gender and race, sexual harassment, retaliation for complaining about mistreatment of her and a hostile work environment in violation of state and federal law. The plaintiff further asserts that the actions of individual members of the Newtown Police Department caused her to suffer stress, loss of sleep, hypertension and finally, constructively terminated her employment by way of forced retirement. She brings this action pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. §2000e, et seq., and 42 U.S.C. §1981a, the Age Discrimination Employment Act (ADEA), 29 U.S.C. §621, et seq., 42 U.S.C. § 1983, the Equal Protection Clause of the Fourteenth Amendment as well as state law claims arising under Conn. Gen. Stat.

1

§46a-60(a)(1) and §46a-60(a)(4) to remedy acts of employment discrimination and retaliation perpetrated against her by the defendants named above.

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C §2000e-16, the Age Discrimination in Employment Act, 29 U.S.C. §621, et seq., and 28 U.S.C. §§ 1331, 1343(3), and 1367.

3. On March 31, 2015, the Connecticut Commission on Human Rights and Opportunities (CHRO) issued a Release of Jurisdiction for case No. 1420310 in which Darlene Froehlich was the Complainant and the Town of Newtown was the Respondent. The individuals named in this suit were employees of the Town of Newtown at the time of the CHRO complaint, and had notice of the claims against them.

4. On April 10, 2015, the Unites States Equal Employment Opportunity Commission (EEOC) issued a Dismissal and Notice of Rights for case No. 16A-2014-00857 in which Darlene Froehlich was the Complainant and The Town of Newtown was the Respondent.

5. The plaintiff, Darlene Froehlich, a female who is at least 40-years old, is a citizen of the United States and a resident of the State of Connecticut. At all times relevant to this suit, until her retirement in January 2014, she was employed with the Newtown Police Department as a Police Officer, attaining the rank of Police Sergeant.

6.     Defendant Town of Newtown is a municipality organized, operated and governed under the laws of the State of Connecticut. It maintains a Police Department to assure the health, safety and welfare of Newtown residents. The Police Department employs more than 15 persons and sets practices, policies and procedures individual officers are required to observe in the performance of their police duties.

7.     Defendant Michael Kehoe was at all times relevant to this action, and he remains, Chief of the Town of Newtown Police Department acting under color of law. As Chief he is a final decision-maker with regard to the Department's day-to-day operations and has broad discretion in the setting and enforcement of departmental policies and procedures. At all times relevant to this complaint, his actions were intentional and inspired by animus, to wit: actual hostility to the plaintiff on account of her gender and age. He is sued in his individual capacity only.

8.     Defendant Joe Rios was at all times relevant to this action, and he remains, a Captain in the Town of Newtown Police Department acting under color of law. At all times relevant to this complaint his actions were intentional, inspired by animus, to wit: actual hostility to the plaintiff on account of her gender and age. He is sued in his individual capacity only.

9.     Defendant Richard Robinson was at all times relevant to this action, and he remains, a Lieutenant in the Town of Newtown Police Department acting under color of law. At all times relevant to this complaint, his actions were intentional,

inspired by animus, to wit: actual animus to the plaintiff on account of her gender and age. He is sued in his individual capacity only.

10. Defendant George Sinko was at all times relevant to this action a Lieutenant in the Town of Newtown Police Department acting under color of law. At all times relevant to this complaint, his actions were intentional, inspired by animus, to wit: actual animus to the plaintiff gender and age. He is sued in his individual capacity only.

11. Defendant Christopher Vanghele was at all times relevant to this action, and he remains, a Lieutenant in the Town of Newtown Police Department acting under color of law. At all times relevant to this complaint, his actions were intentional, inspired by animus, to wit: actual animus to the plaintiff on account of her gender and age. He is sued in his individual capacity only.

12. The plaintiff, was a career law enforcement officer with over 29 years of service with Newtown before being constructively terminated by the Department.

13. At the time of her constructive termination from the Department, Ms. Froehlich was a Supervisor and Sergeant and served as the highest-ranking female employee with the Department. There were five female patrol officers employed by Department at the time of Ms. Froehlich's constructive termination.

14. Ms. Froehlich's first level supervisor was Defendant Vanghele, a white male; her second level supervisor was Defendant Sinko, a white male; and her third level supervisor was Defendant Robinson.

15. Since 2010, the plaintiff has been treated differently from similarly situated male employees, as explained further in this Complaint.

16. While serving as a Detective Sergeant in 2010, the plaintiff was routinely undermined by Lieutenants who condoned insubordinate behavior from those under the plaintiff's command. On information and belief the Department engaged in this conduct in reaction to having a female in a position of authority.

17. Again while serving as a Detective Sergeant, the plaintiff was subjected to derogatory comments made by another Officer – Detective Jason Frank – on his Facebook account. The Detective solicited additional comments from former Newtown Police Officers and allowed their sexually harassing messages to remain posted, to wit:

   a. On April 6, 2010 Detective Frank posted "It's official – April 06, 2010 – The tax payers of Newtown, Connecticut should really be worried about their Police Department and the individuals making decisions within. As of May 1st – JC is out and DF is now running the DB.

   b. Subsequently two former Newtown police officers, Sergeant Henry Stormer and Officer Dominick Salvatore, posted sexually harassing comments in response to Detective Frank's post which Det. Frank allowed to remain posted.

   c. Officer Salvatore commented "Jay I will be sending you a Froelich [sic] blow up doll and Rios a pocket pal...thought you would like that."

5

    d. Sergeant Stormer replied "Does the Froehlich blow up doll still come with the attached 'strap on'?"

    e. To which Officer Salvatore replied "Yes it does and the new model is diesel powered with a blower."

18. The plaintiff lodged a formal complaint with the Chief. Upon information and belief, no discipline was imposed upon the Detective who made the offensive comments.

19. Later in 2010, the plaintiff competed in the promotional process for a vacant Lieutenant's position. The plaintiff was competing with two male Sergeants – Sergeants Robinson and Vanghele. The plaintiff was passed over for the position in favor Sergeant Vanghele who was a male, significantly younger than the plaintiff, and had less overall seniority in term of years of service, although more time in grade as a sergeant. Upon information and belief, prior to Defendant Vanghele's promotion, the Department maintained a history of promoting years of seniority over time in grade.

20. In December 2010, newly promoted Lieutenant Vanghele actively prevented the plaintiff from participating in her duties as a Detective Sergeant, by refusing to include the plaintiff in hiring decisions, as was customarily done with previous male Detective Sergeants and by restricting the plaintiffs access to important departmental communications which severely undermined her ability to effectively supervise her subordinates.

21. In January 2011 the plaintiff approached Lieutenant Vanghele to request his assistance in proofre2ading a revised Departmental form. Lieutenant Vanghele refused to assist the plaintiff and instead sent her to Lieutenant Sinko. Lieutenant Sinko made derogatory comments – "put some lipstick on it and make it look pretty" – toward the plaintiff. Upon information and belief no discipline was imposed upon the Lieutenants involved.

22. As a result of the plaintiff lodging a formal hostile work environment complaint with the Town in December 2010 an investigation was launched in March 2011.

23. During that investigation the plaintiff alerted the Town to the fact that she was edited out of the Newtown Police Department's 30th Anniversary photograph that appeared on the Town's website. Upon information and belief, no discipline was imposed upon the person responsible for publishing the adulterated photograph.

24. The plaintiff noticed a significant drop in her yearly evaluation scores starting in the latter half of 2010 and continuing until the date of her constructive termination.

25. Since 2010 the plaintiff has been the target of approximately fourteen internal investigations. Each was pretextual.

26. In October 2013, the plaintiff learned that the Chief was recommending to the Police Commission that she be terminated as a result of two internal investigations which contained knowingly false reports created by Lieutenants Robinson and Vanghele.

27. Upon information and belief, the Chief colluded with the Lieutenant Defendants through their knowingly false reports and made the recommendation of

7

termination due to plaintiff's gender and age, as other similarly situated male officers were not recommended for termination.

28. Beginning in 2010 and up to the date of the plaintiff's constructive termination she was subjected to disparate treatment in an ongoing pattern of harassment and discrimination due to her gender and age.

29. The plaintiff continues to suffer loss of employment opportunities as she cannot secure new employment due to age and poor performance evaluations written by Defendants Vanghele and Sinko, but agreed upon by all Lieutenant defendants and Defendants Kehoe and Rios; as well as continuous physical suffering including hypertension, lack of sleep and increased levels of anxiety and economical loss by way lost salary and pension benefits.

## COUNT 1

**(Gender Discrimination in Violation of Title VII 42 U.S.C. §2000e, et seq.)**

30-59. Paragraphs one through twenty nine are realleged and incorporated by reference herein.

60. The plaintiff brings claims arising from Title VII 42 U.S.C. §2000e, et seq. against Defendants Town of Newtown.

61. The defendant's conduct as alleged at length herein constitutes discrimination based on gender in violation of Title VII. The stated reasons for the defendant's conduct were not the true reasons, but instead a pretext to hide the defendant's discriminatory animus.

## COUNT 2

### (Gender Discrimination in Violation of the Equal Protection Clause of the Fourteenth Amendment as to Municipal Defendant)

62-91. Paragraphs one through twenty nine are realleged and incorporated by reference herein.

92. The plaintiff brings claims arising from the Equal Protection Clause of the Fourteenth Amendment against Defendant Town of Newtown.

93. The defendant's conduct as alleged at length herein constitutes discrimination based on gender in violation of the Equal Protection Clause. The stated reasons for the defendant's conduct were not the true reasons, but instead a pretext to hide the defendants' discriminatory animus.

## COUNT 3

### (Age Discrimination in Violation of the ADEA 29 U.S.C. §621)

94-123. Paragraphs one through twenty nine are realleged and incorporated by reference herein.

124. The plaintiff brings claims arising from 29 U.S.C.§621 against Defendant Town of Newtown.

125. The defendant's conduct as alleged above constitutes discrimination based on Age in violation of the ADEA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were a pretext to hide the defendants' discriminatory animus.

## COUNT 4

**(Deprivation of Right to Equal Protection as to Individual Capacity Defendants)**

126-155. Paragraphs one through twenty nine are realleged and incorporated by reference herein.

156. The plaintiff brings claims arising from 42 U.S.C. §1983 against Defendants Chief Kehoe, Captain Rios and Lieutenants Robinson, Sinko and Vanghele.

157. The defendants; conduct as alleged above constitutes a deprivation of rights under §1983. The stated reasons for the defendants' conduct were not true reasons, but instead a pretext to hide the defendants' discriminatory animus. The actions of each defendant were intentional, were committed under color of law, and were inspired by malice: to wit, contempt for the plaintiff on account of her gender.

## COUNT 5

**(Retaliation for Engaging in Protected Activities)**

158-187. Paragraphs one through twenty nine are realleged and incorporated by reference herein.

188. The plaintiff brings claims arising from Title VII, the ADEA, §1983 and: C.G.S. Sections 46a-60(a)(1) and 46a-60(a)(4).

189. The defendant Town of Newtown's conduct as alleged above constitutes retaliation against the plaintiff because she engaged in activities protected by Title VII, the ADEA, §1983. The conduct of the individual defendants constituted retaliation against the plaintiff in violation of Sec. 46a-60(a)(4). The stated reasons for the defendants' conduct were not the true reasons, but instead were a pretext to hide the defendant's retaliatory animus.

## COUNT 6

### (Hostile and Abusive Working Environment)

190-219. Paragraphs one through twenty nine are realleged and incorporated by reference herein.

220. The plaintiff brings claims arising from Conn. Gen. Stat. §46a- 60(a)(1) against the Town of Newtown and claims arising from Conn. Gen. Stat. §46a-60(a)(4) against all Defendants to this action.

221. The defendants' conduct as alleged above constitutes discrimination and a deprivation of the plaintiffs rights in violation the law of the State of Connecticut. The stated reasons for the defendants' conduct were not the true reasons, but instead were a pretext to hide the defendant's discriminatory animus.

### Prayer for Relief

WHEREFORE, the Plaintiff requests that the Court award her:

(a) front pay at her salary level at the date of constructive termination (including pay increases and overtime) until she reaches the age of 62 when she would have retired from the Department but for management's discriminatory/retaliatory treatment of her;

(b) vestment of pension and insurance benefits commensurate with the age and years of service, thirty-six (36) the plaintiff would have worked had she not been forced to retire;

(c) compensatory damages, including reimbursement for out-of-pocket medical expenses from conditions suffered because of the discrimination

and retaliation, insurance premiums and family medical coverage expenses;

(d) return of personal property, including but not limited to a duty bag, ledgers, thumb drives, daily planner, assorted DVDs, tools, and a certificate for oversight of the internship program;

(e) removal of reports and discipline from personnel file;

(f) costs and attorneys' fees incurred as a result of this lawsuit; and

(g) any other relief under law and equity this Court deems appropriate.

## **Jury Demand**

The plaintiff requests a trial by jury.

Respectfully submitted,
THE PLAINTIFF

BY: _____/s/_____
Frederick M. O'Brien
Fed. Bar No. ct08989
Norman A. Pattis
Fed. Bar No. ct13120
Pattis& Smith LLC
383 Orange Street, First Floor
New Haven, CT 06511
203.393.3017 tel
203.393.9745 fx
fobrien@pattisandsmith.com
npattis@pattisandsmith.com

## CERTIFICATION OF SERVICE

The undersigned certifies that on this 7th day of March, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties who have appearances as of the time of this filing, by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

s/Frederick M. O'Brien cto8989s/